# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SEAN ARVELO, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-20-1008-PRW |
| (1) ELLIOTT ELECTRIC SUPPLY, INC., | ) |
|       Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Defendant Elliott Electric Supply, Inc. ("Defendant"), hereby removes this action from the District Court of Oklahoma County, Oklahoma where it was filed as Case No. CJ-2020-4308, styled *Sean Arvelo v. Elliot Electric Supply, Inc.,* (the "State Court Lawsuit")[1], to the United States District Court for the Western District of Oklahoma. Removal is proper for the following reasons:

1.  Elliot Electric Supply, Inc. is the defendant in a civil action brought against it in the District Court of Oklahoma County, State of Oklahoma, and titled *Sean Arvelo v. Elliott Electric Supply, Inc.,* Case No. CJ-2020-4308.

2.  As alleged in paragraph 1 of Plaintiff's Petition, at the time of filing this action Plaintiff was an adult resident of the State of Oklahoma.

---

[1] The Plaintiff misspelled the name of Defendant. The Plaintiff spelled Defendant's name as "Elliot" but the correct spelling is "Elliott."

3. At the time of the filing this action and at the present time, Defendant was and is a foreign for-profit business corporation incorporated under the laws of the State of Texas with its principal place of business in Nacogdoches, Texas.

4. In Plaintiff's Petition, he has asserted federal claims for disability discrimination, including a failure to accommodate his disability, and retaliation in violation of Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* (ADA). Plaintiff further claims that Defendant's conduct violated the Oklahoma Anti-Discrimination Act ("OADA"), an Oklahoma law prohibiting an employer from terminating an employee for being a medical marijuana card holder, and Oklahoma law prohibiting an employer from discriminating against an employee for suffering and reporting an on-the-job injury.

5. This civil action is removable to the United States District Court for the Western District of Oklahoma because Plaintiff's claims arise under the Constitution, laws or treaties of the United States, specifically, the ADA, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a)[2]. The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367.

6. The aforementioned action was commenced by service of summons upon Defendant on September 16, 2020. This Notice of Removal is, therefore, timely filed under the provisions of 28 U.S.C. § 1446.

---

[2] The case is also removable based on diversity of citizenship. 28 U.S.C. § 1332. The Plaintiff is a resident of Oklahoma and Defendant is a foreign for-profit business corporation with its principle place of business in Nacogdoches, Texas and is a citizen of the State of Texas and the amount in controversy exceeds $75,000.

A copy of all process, pleadings, and other documents filed in the State Court Lawsuit are attached hereto as follows:

**Exhibit 1 -** Petition, filed September 11, 2020

**Exhibit 2 -** Entry of Appearance - Leah M. Roper for Plaintiff

**Exhibit 3 -** Entry of Appearance - D. Colby Addison for Plaintiff

**Exhibit 4 -** Docket sheet from the District Court of Oklahoma County, State of Oklahoma

Defendant will promptly provide Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). Defendant will also file a copy of the Notice of Removal with the District Court Clerk of Oklahoma County, State of Oklahoma.

Respectfully submitted,

s/*Allen L. Hutson*
Allen L. Hutson, OBA #30118
Melissa R. McDuffey, OBA #32463

-- Of the Firm --

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
allen.hutson@crowedunlevy.com
melissa.mcduffey@crowedunlevy.com

ATTORNEYS FOR DEFENDANT ELLIOT ELECTRIC SUPPLY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2020, the above and foregoing was filed in the Western District Court of Oklahoma, that a true and correct copy of said Notice of Removal was served upon the above-named plaintiff, by emailing and mailing said copies to plaintiff's attorney of record, and further that a copy of said Notice of Removal was filed with the Court Clerk of Oklahoma County, Oklahoma.

D. Colby Addison
Leah M. Roper
CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
colby@centerforemploymentlaw.com
leah@centerforemploymentlaw.com

**ATTORNEY FOR PLAINTIFF**

*s/ Allen L. Hutson*
Allen L. Hutson

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 11 2020

RICK WARREN
COURT CLERK

108 \_\_\_\_\_

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

SEAN ARVELO,

    Plaintiff,

v.

ELLIOT ELECTRIC SUPPLY, INC.,

    Defendant.

Case No. CJ-2020-

CJ-2020-4308

## PETITION

**COMES NOW THE PLAINTIFF**, and for his cause of action herein alleges and states as follows:

1. Plaintiff is Sean Arvelo, an adult resident of the State of Oklahoma.
2. Defendant is Elliot Electric Supply, Inc., a foreign for-profit business corporation that operates in the State of Oklahoma.

### CLAIMS AND VENUE

3. Plaintiff's causes of action are for Defendant's violations of the Americans with Disabilities Act, the Oklahoma Anti-Discrimination Act, Oklahoma's law (at the time of the termination) preventing termination of an employee for being a medical marijuana card holder, and Oklahoma's law preventing discrimination and retaliation against individuals who suffer and report an on-the-job injury.
4. All of the acts described herein occurred in the State of Oklahoma, and Defendant can be served in Oklahoma County.

1

**EXHIBIT 1**

## STATEMENT OF FACTS

5. Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year and is a covered employer under the ADA. There is no minimum number of employees required to be covered by the OADA.

6. Plaintiff was an employee of Defendant from approximately January 13, 2019, until his termination on August 15, 2019. At the time of Plaintiff's termination, Plaintiff was a Warehouse Associate.

7. On or about March 12, 2019, Plaintiff disclosed to his immediate supervisor Lena Shoup (Warehouse Manager) that he was prescribed medical marijuana. Additionally, Plaintiff discussed his prescribed medication with David Tanner (Store Manager). At the time, Plaintiff provided the card to Shoup and she made a copy of the card and returned the card to Plaintiff later that day.

8. On or about April 13, 2019, Plaintiff received a pay raise based on his performance.

9. On or about July 30, 2019, Plaintiff suffered an on-the-job injury and reported it to Defendant. Plaintiff's supervisor (Cody Bond) drove him to the hospital for medical treatment.

10. On or about July 31, 2019, Plaintiff missed work due to symptoms related to the injury.

11. On or about August 1, 2019, Shoup and Tanner discussed his injury with him and concerns about any medical restrictions, which were, to the best of Plaintiff's recollection, twenty-five to thirty-five pounds lifting

2

restrictions. Respondent required Plaintiff to continue lifting beyond his lifting restrictions.

12. On or about August 2, 2019, Plaintiff worked his shift and was called to return to work because of the hours he missed due to his on-the-job injury. Out of concern with his workers compensation rights, Plaintiff contacted Corporate HR (Missy Elliot in Nacogdoches, TX) asking about whether the injury was reported and to ensure his medical treatment was going to be taken care of. Later that day, Defendant sent Plaintiff to Concentra for a drug test and medical evaluation. Plaintiff disclosed to Concentra that he was prescribed medical marijuana.

13. On or about August 5, 2019, Defendant disciplined Plaintiff for the hours he missed related to the on-the-job injury.

14. On or about August 6th, 7th, 9th, 12th, and 14th of 2019, Concentra required Plaintiff to attend physical therapy related to the on-the-job injury.

15. On or about August 8, 2019, I was notified by Concentra that my drug test showed marijuana use.

16. On or about August 15, 2019, Lena Shoup notified Plaintiff that he was being terminated, per direction of Corporate HR, due to testing positive for his prescribed usage of marijuana. Shoup was aware of Plaintiff's medical marijuana card.

17. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination on or around June 3, 2020. The EEOC issued Plaintiff's right to sue letter on August 14, 2020, and Plaintiff received

such letter thereafter. This lawsuit is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

18. Under the statutes mentioned, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

19. Defendant terminated Plaintiff because of his on-the-job injury, because of Plaintiff's disability or that Defendant regarded Plaintiff as disabled, because Plaintiff requested a reasonable accommodation related to his injury, and/or because of Plaintiff's status as a medical marijuana card holder.

20. Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess an award of actual, compensatory, liquidated, and punitive damages together with pre- and post-judgment interest, costs, attorneys' fees, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 11th DAY OF SEPTEMBER 2020**

*/s/ D. Colby Addison*
D. Colby Addison, OBA #32718
Leah M. Roper, OBA # 32107
CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave
Oklahoma City, OK 73107
Office: 405.252.1180
colby@centerforemploymentlaw.com
leah@centerforemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 11 2020

RICK WARKEN
COURT CLERK

SEAN MICHAEL ARVELO,

    Plaintiff,

v.

ELLIOT ELECTRIC SUPPLY, INC.,

    Defendant.

Case No. CJ- 108

CJ-2020-4308

## ENTRY OF APPEARANCE

To the Clerk of this Court and all parties of record:

    I hereby enter my appearance as counsel in this case for Plaintiff.

    I certify that I am admitted to practice in this Court.

Respectfully submitted this ___ day of Sept., 2020.

_____
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

EXHIBIT 2

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

SEAN MICHAEL ARVELO,

    Plaintiff,

v.

ELLIOT ELECTRIC SUPPLY, INC.,

    Defendant.

Case No. CJ-

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 11 2020

RICK WARREN
COURT CLERK
108

CJ-2020-4308

## ENTRY OF APPEARANCE

To the Clerk of this Court and all parties of record:

    I hereby enter my appearance as counsel in this case for Plaintiff.

    I certify that I am admitted to practice in this Court.

Respectfully submitted this 11th day of September, 2020.

*D. Colby Addison*

D. Colby Addison, OBA #32718
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
colby@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

**EXHIBIT 3**

OSCN Case Details
Case 5:20-cv-01008-PRW   Document 8-1   Filed 10/06/20   Page 12 of 20   Page 1 of 5
Case 5:20-cv-01008-PRW   Document 1-4   Filed 10/05/20   Page 1 of 5



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA

Sean Arvelo,
    Plaintiff,
v.
Elliot Electric Supply, Inc,
    Defendant.

No. CJ-2020-4308
(Civil relief more than $10,000: WRONGFUL TERMINATION)

Filed: 09/11/2020

Judge: Timmons, Aletia Haynes

## PARTIES

Arvelo, Sean, Plaintiff
Elliot Electric Supply, Inc, Defendant

## ATTORNEYS

**Attorney**
ADDISON, D COLBY (Bar #32718)
THE CENTER FOR EMPLOYMENT LAW
1133 N. PORTLAND AVE.
OKLAHOMA CITY, OK 73107

**Represented Parties**
Arvelo, Sean

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**EXHIBIT 4**

Issue # 1.   Issue: WRONGFUL TERMINATION (TERMINATE)
Filed By: Arvelo, Sean
Filed Date: 09/11/2020

**Party Name**     **Disposition Information**
Pending.

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 09-11-2020 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 09-11-2020 | TERMINATE | WRONGFUL TERMINATION | | | |
| 09-11-2020 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 09-11-2020 | PFE1 | PETITION | | | $ 163.00 |
| 09-11-2020 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 09-11-2020 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 09-11-2020 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 09-11-2020 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 09-11-2020 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 09-11-2020 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 09-11-2020 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 09-11-2020 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 09-11-2020 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 09-11-2020 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 09-11-2020 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 09-11-2020 | CCRMPF | COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE | | | $ 10.00 |
| 09-11-2020 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 09-11-2020 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 09-11-2020 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 09-11-2020 | P | PETITION<br>Document Available (#1047696354) TIFF PDF | | | |
| 09-11-2020 | EAA | ENTRY OF APPEARANCE ATTORNEY FOR PLAINTIFF<br>Document Available (#1047704167) TIFF PDF | | | |
| 09-11-2020 | EAA | ENTRY OF APPEARANCE ATTORNEY FOR PLAINTIFF<br>Document Available (#1047704163) TIFF PDF | | | |
| 09-11-2020 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE TIMMONS, ALETIA HAYNES TO THIS CASE. | | | |
| 09-11-2020 | ADJUST | ADJUSTING ENTRY: MONIES DUE TO AC09-CARD ALLOCATION | | | $ 6.31 |

OSCN Case Details

Case 5:20-cv-01008-PRW   Document 8-1   Filed 10/06/20   Page 15 of 20   Page 4 of 5
Case 5:20-cv-01008-PRW   Document 1-4   Filed 10/05/20   Page 4 of 5

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 09-11-2020 | ACCOUNT | ADJUSTING ENTRY: MONIES DUE TO THE FOLLOWING AGENCIES REDUCED BY THE FOLLOWING AMOUNTS:<br>CJ-2020-4308: AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE -$0.25<br>CJ-2020-4308: AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY -$0.25<br>CJ-2020-4308: AC81 LENGTHY TRIAL FUND -$0.25<br>CJ-2020-4308: AC79 OCIS REVOLVING FUND -$0.63<br>CJ-2020-4308: AC67 DISTRICT COURT REVOLVING FUND -$0.07<br>CJ-2020-4308: AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS -$0.02<br>CJ-2020-4308: AC64 DISPUTE MEDIATION FEES CIVIL ONLY -$0.18<br>CJ-2020-4308: AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND -$0.04<br>CJ-2020-4308: AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES -$0.13<br>CJ-2020-4308: AC31 COURT CLERK REVOLVING FUND -$0.05<br>CJ-2020-4308: AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL -$0.15<br>CJ-2020-4308: AC01 CLERK FEES -$4.29 | | | |

OSCN Case Details

Case 5:20-cv-01008-PRW   Document 8-1   Filed 10/06/20   Page 16 of 20   Page 5 of 5
Case 5:20-cv-01008-PRW   Document 1-4   Filed 10/05/20   Page 5 of 5

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 09-11-2020 | ACCOUNT | RECEIPT # 2020-4870366 ON 09/11/2020. PAYOR: ROPER/LEAH TOTAL AMOUNT PAID: $ 252.14. LINE ITEMS: CJ-2020-4308: $168.71 ON AC01 CLERK FEES. CJ-2020-4308: $6.31 ON AC09 CARD ALLOCATIONS. CJ-2020-4308: $5.85 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2020-4308: $1.61 ON AC31 COURT CLERK REVOLVING FUND. CJ-2020-4308: $4.87 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2020-4308: $1.51 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2020-4308: $6.82 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2020-4308: $0.43 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2020-4308: $2.41 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2020-4308: $24.37 ON AC79 OCIS REVOLVING FUND. CJ-2020-4308: $9.75 ON AC81 LENGTHY TRIAL FUND. CJ-2020-4308: $9.75 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. CJ-2020-4308: $9.75 ON AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE. | | | |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SEAN ARVELO

## DEFENDANTS
ELLIOT ELECTRIC SUPPLY, INC.

**(b)** County of Residence of First Listed Plaintiff: Oklahoma
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
D. Colby Addison, Leah M. Roper, Center for Employment Law
1133 N. Portland Ave, Oklahoma City, OK 73107
Phone: 405-252-1180

Attorneys *(If Known)*
Allen Hutson, Melissa R. McDuffey, Crowe & Dunlevy, PC
324 N. Robinson Ave., Ste 100, Oklahoma City, OK 73102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, 42 U.S.C. Section 12101 et seq
Brief description of cause:
Alleged termination due to disability in violation of ADA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/05/2020
SIGNATURE OF ATTORNEY OF RECORD: s/Allen Hutson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]

Case 5:20-cv-01008-PRW   Document 8-1   Filed 10/06/20   Page 18 of 20
Case 5:20-cv-01008-PRW   Document 1-5   Filed 10/05/20   Page 2 of 2
JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Falen Tames**

| | |
|---|---|
| **From:** | okwd_ecf_notice@okwd.uscourts.gov |
| **Sent:** | Monday, October 05, 2020 5:09 PM |
| **To:** | okwdecf@okwd.uscourts.gov |
| **Subject:** | Activity in Case 5:20-cv-01008-PRW Arvelo v. Elliott Electric Supply Inc Notice of Removal |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Western District of Oklahoma[LIVE]

### Notice of Electronic Filing

The following transaction was entered on 10/5/2020 at 5:09 PM CDT and filed on 10/5/2020
**Case Name:** Arvelo v. Elliott Electric Supply Inc
**Case Number:** 5:20-cv-01008-PRW
**Filer:** Elliott Electric Supply Inc
**Document Number:** 1

**Docket Text:**
**NOTICE OF REMOVAL from The District Court of Oklahoma County, case number CJ-2020-4308 filed by Elliott Electric Supply Inc. (Attachments: # (1) Exhibit 1 - Petition, # (2) Exhibit 2 - Roper EOA, # (3) Exhibit 3 - Addison EOA, # (4) Exhibit 4 - Docket Sheet, # (5) Civil Cover Sheet)(dtb)**

**5:20-cv-01008-PRW Notice has been electronically mailed to:**

Allen L Hutson     allen.hutson@crowedunlevy.com, andrea.puckett@crowedunlevy.com, cathy.weimer@crowedunlevy.com, ecf@crowedunlevy.com, falen.tames@crowedunlevy.com, susanna.wilson@crowedunlevy.com, taren.black@crowedunlevy.com

Leah M Roper     leah@centerforemploymentlaw.com, deanne@centerforemploymentlaw.com, docketing@centerforemploymentlaw.com

Melissa R McDuffey     melissa.mcduffey@crowedunlevy.com, andrea.puckett@crowedunlevy.com, cathy.weimer@crowedunlevy.com, ecf@crowedunlevy.com, falen.tames@crowedunlevy.com, susanna.wilson@crowedunlevy.com, taren.black@crowedunlevy.com

1

D Colby Addison    colby@centerforemploymentlaw.com, docketing@centerforemploymentlaw.com

**5:20-cv-01008-PRW Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=10/5/2020] [FileNumber=4358966-0
] [6202234ec2698816144e8131450dd20f7086e59b1934f9fd6d96b207df31bcd34d9
3ea28efc2895c27dafb6d60de9616ab2759e21109e6635992bf05d123700f]]

**Document description:** Exhibit 1 - Petition
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=10/5/2020] [FileNumber=4358966-1
] [92408f03baca9dec67704edb9602b5e4c379149b388959adbb44802e611da920f6c
5debec0dad95982a21dc83c3eca92c94260a1972d0d4dc4a3c74521732c9b]]

**Document description:** Exhibit 2 - Roper EOA
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=10/5/2020] [FileNumber=4358966-2
] [24bc226c6ec1e4a28d43e23d5ccf8fd9634374c96bfb7fa0c9f5e946be98765802b
df5cd8a61bada286c659fad1f77df00ce55c99fea55f50388b9db0dff7fec]]

**Document description:** Exhibit 3 - Addison EOA
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=10/5/2020] [FileNumber=4358966-3
] [90e16ee132b084bb17d240bda463bafdd35880adafb1afc52a74feec4064810e2a2
3f4b3e6bfbbbea74d37197243007d45ba77e96be75bc26556088871489176]]

**Document description:** Exhibit 4 - Docket Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=10/5/2020] [FileNumber=4358966-4
] [296c470f30990ac2dc81a930e4280bfdfbcfc4a80911803f14dca1f08457f48c047
629167dcb26ea99967310b7b53d1b2064a949351638a933aff0bbaf4875963]]

**Document description:** Civil Cover Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=10/5/2020] [FileNumber=4358966-5
] [52e649e13a0526e356d1430bc0c7278dc9d35f59e60061fbf6c9bb854a8ccd1f387
fe1af9e635d32f10e6e14093364969a0304e4592e0cf456dbb1e3d7487643]]